[No. G014897. Fourth Dist., Div. Three. Aug. 30, 1994.]

BORIS KORBEL, Plaintiff and Respondent, v.
SHEUNG-CHI CHOU et al., Defendants and Appellants.

**COUNSEL**

Callahan, McCune & Willis, George W. Coleman, Brown & Brown and John J. Tasker for Defendants and Appellants.

John A. Barclay and James P. Finerty for Plaintiff and Respondent.

**OPINION**

**SONENSHINE, J.**—Sheung-Chi Chou and Vandorpe Chou Associates, Inc., appeal from the denial of a Code of Civil Procedure section 411.35[1] motion to compel Boris Korbel to disclose the identity of the expert upon whom he relied in filing his certificate of merit. We affirm because the parties' settlement did not result in a favorable conclusion.

I.

Korbel brought suit against the seller of a house he had purchased, alleging building code violations. Chou and Vandorpe, consulting engineers, were added as defendants; Korbel maintained the engineering calculations used for the home's construction bore Chou's signature. The section 411.35 certificate of merit indicated the engineer whom Korbel consulted "concluded . . . there [was] reasonable and meritorious cause for commencing [the] action." Chou, however, maintained he was not involved in the construction of the home and did not sign the calculations. Indeed, he suggested his signature had been forged.

A settlement was reached. Chou agreed to waive any fees and costs to which he might be entitled and the parties agreed to a dismissal of all claims.[2] But, after the complaint was dismissed with prejudice, Chou, maintaining the litigation had concluded favorably to him, filed the underlying section 411.35 motion to compel Korbel's attorney to reveal the identity of

---

[1] All statutory references are to the Code of Civil Procedure.

[2] The parties also agreed, inter alia, upon the mutual release of all parties and their attorneys from any claims arising out of the subject action, and to refrain from commencing any suit,

the engineer relied upon for the certificate of merit. The trial court denied the request, finding a settlement is not a favorable conclusion for section 411.35 purposes.

## II.

Section 411.35 provides in pertinent part: "(a) In every action . . . arising out of the professional negligence of a person holding a valid . . . registration as a professional engineer[,] . . . the plaintiff's attorney shall file the certificate specified by subdivision (b). [¶] (b) A certificate shall be executed by the attorney for the plaintiff . . . declaring . . . . [¶] (1) That the attorney has reviewed the facts of the case, that the attorney has consulted with at least one . . . engineer . . . and that the attorney has concluded on the basis of such review and consultation that there is reasonable and meritorious cause for the filing of such action."

Section 411.35, subdivision (h) provides: "Upon the *favorable conclusion* of the litigation with respect to any party for whom a certificate of merit was filed . . . the trial court may, upon the motion of a party . . . verify compliance with this section, by requiring the attorney for the plaintiff . . . to reveal the name, address, and telephone number of the person or persons consulted with . . . that were relied upon by the attorney in preparation of the certificate of merit. The name, address, and telephone number shall be disclosed to the trial judge in an in camera proceeding at which the moving party shall not be present. If the trial judge finds there has been a failure to comply with the section, the court may order a party, a party's attorney, or both, to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of the failure to comply with this section." (Italics added.)

█ We find no published opinion addressing whether a case dismissed pursuant to a settlement is a "favorable conclusion."[3] Several courts have examined "favorable termination" in the context of a malicious prosecution action. We look to those.

A cause of action for malicious prosecution requires that the prior proceeding was pursued to a legal termination favorable to the plaintiff, brought

---

arising out of the subject action, against each other and their attorneys. All parties executed the agreement, but Chou crossed out "attorneys" in the mutual release clause.

Chou contends because of this interlineation he was not estopped to file this action. Maybe not, but the covenant clause provided: "Each party shall forever refrain . . . from commencing [a] lawsuit . . . against any other Party, their agents or *attorneys*, . . . arising out of the Subject Action and all *related* matters . . . ." (Italics added.)

[3]The court in *Guinn* v. *Dotson* (1994) 23 Cal.App.4th 262 [28 Cal.Rptr.2d 409] discussed section 411.35, but did not reach the issue determined here.

without probable cause, and initiated with malice. (*Villa* v. *Cole* (1992) 4 Cal.App.4th 1327, 1335 [6 Cal.Rptr.2d 644].) "In order for the termination of the lawsuit to be considered 'favorable' to the malicious prosecution plaintiff, it must be reflective of the merits of the action and of the plaintiff's innocence of the misconduct alleged therein." (*Id.* at p. 1335.) To determine whether a "favorable termination" occurred when the "proceeding is terminated other than on its merits, the reasons underlying the termination must be examined to see if it reflects the opinion of either the court or the prosecuting party that the action would not succeed." (*Haight* v. *Handweiler* (1988) 199 Cal.App.3d 85, 88 [244 Cal.Rptr. 488].)

"The purpose of a settlement is to *avoid* a determination on the merits." (*Villa* v. *Cole, supra,* 4 Cal.App.4th at p. 1336.) "A dismissal resulting from [a] settlement . . . is generally not deemed a favorable termination of the proceedings. [Citation.] In such a case the dismissal reflects ambiguously on the merits of the action as it results from the joint action of the parties, thus leaving open the question of defendant's guilt or innocence. [Citation.]" (*Minasian* v. *Sapse* (1978) 80 Cal.App.3d 823, 827, fn. 4 [145 Cal.Rptr. 829].) Thus, where a case is dismissed pursuant to a settlement, it "will not be viewed as a favorable termination as long as it was a necessary condition to achievement of the overall settlement." (*Villa* v. *Cole, supra,* 4 Cal.App.4th at p. 1336.)

Here, the lower court acknowledged the case was concluded by settlement, but made no specific findings on the reasons underlying the dismissal. We can infer Korbel dismissed the action to effectuate the settlement. The agreement provided, "Concurrently with the execution of [the] Release, the Parties hereto shall execute and deliver . . . a Dismissal, with prejudice, of the Subject Action to release all claims against all Parties." Because the dismissal was a condition precedent to the settlement, it would not be construed as a favorable termination in a malicious prosecution action.

For several reasons, we conclude a favorable conclusion is the same as a favorable termination. "[A] legislature is presumed to be aware of the judicial interpretation of words dealing with the same or analogous topics [and] . . . to intend the same well-settled meaning of these words unless it expressly states otherwise. [Citations.]" (*Estate of Sax* (1989) 214 Cal.App.3d 1300, 1304 [263 Cal.Rptr. 190].) Favorable termination was defined by our Supreme Court over 50 years ago in *Jaffe* v. *Stone* (1941) 18 Cal.2d 146 [114 P.2d 335, 135 A.L.R. 775]. "The theory underlying the requirement of favorable termination is that it tends to indicate the innocence of the accused . . . . If the accused were actually convicted, the presumption of his [or her] guilt or of probable cause for the charge would be so

strong as to render wholly improper any action against the instigator of the charge. . . . The same fundamental theory is applied in testing a dismissal or other termination without a complete trial on the merits. If it is of such a nature as to indicate the innocence of the accused, it is a favorable termination sufficient to satisfy the requirement. If, however, the dismissal is on technical grounds, for procedural reasons, or for any other reason not inconsistent with his [or her] guilt, it does not constitute a favorable termination." (*Id.* at p. 150.) The Legislature, in enacting section 411.35, subdivision (h), was well aware of the long-established judicial interpretation of the term.

And it matters not, as Chou argues, that the words are different. The purpose of this statute and a malicious prosecution action are exactly the same. Subdivision (h)'s purpose is to provide sanctions and attorney fees for frivolous lawsuits. (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1718 (1987-1988 Reg. Sess.) as introduced May 3, 1988.) The purpose behind a malicious prosecution action is to provide a remedy for unjustifiable lawsuits. (*Villa* v. *Cole, supra,* 4 Cal.App.4th 1327, 1334.) In a section 411.35, subdivision (h) motion, the litigation must end in a "favorable conclusion" before sanctions and attorney fees can be awarded. Similarly, the underlying suit in a malicious prosecution action must end in a "favorable termination" or the action cannot be maintained. In other words, both require the litigation to end favorably before costs or fees can be awarded for an unjustified lawsuit.

Our conclusion is consistent with basic statutory interpretation, in which we look to the legislative intent. (§ 1859.) "[W]e first consult the words themselves, giving them their usual and ordinary meaning." (*DaFonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 601 [7 Cal.Rptr.2d 238, 828 P.2d 140].) "Favorable" is defined as "giving a result that is in one's favor"; "conclusion" means "the last part of anything: close, termination, end." (Webster's New Internat. Dict. (3d ed. 1961) pp. 471 & 830.) The plain meaning of "favorable conclusion" is the litigation ended in defendant's favor. In other words, there was a favorable termination to the litigation.

 We now consider whether this dismissal was a favorable conclusion. As explained *ante*, the dismissal was a condition precedent to the settlement; it did not reflect Korbel's opinion that his suit would be unsuccessful.

And Chou fares no better with his argument the matter was favorably concluded because he made no monetary contribution towards the settlement. His waiver of fees and costs in return for a dismissal conferred valuable consideration upon the settling plaintiff. (*Armstrong World Industries, Inc.* v. *Superior Court* (1989) 215 Cal.App.3d 951, 957 [264 Cal.Rptr. 39].)

*Pender* v. *Radin* (1994) 23 Cal.App.4th 1807 [29 Cal.Rptr.2d 36] is instructive. There, the Penders were sued for breach of contract but were dismissed in exchange for their waiver of costs and fees. The Court of Appeal held this precluded a finding of a favorable termination. In order to secure their dismissal from the defendant's lawsuit, the Penders gave up the right to seek attorney fees and costs. "This point is exaggerated by the revised claim of compensatory damages in their malicious prosecution lawsuit, where they seek those same fees and costs. Having waived those fees and costs in order to effectuate a settlement, the Penders cannot have a second chance to claim them." (*Id.* at p. 1817.) Likewise, Chou should not now be able to disavow the settlement agreement and recover his attorney fees pursuant to section 411.35, subdivision (h).

The judgment is affirmed.

Sills, P. J., and Crosby, J., concurred.