Filed 7/31/15

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| JOHN PD DOE,<br><br>      Plaintiff and Appellant,<br><br>      v.<br><br>SAN DIEGO-IMPERIAL COUNCIL et al.,<br><br>      Defendants and Respondents. | D065201<br><br><br><br>(Super. Ct. No. 37-2013-00029313-CU-PO-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy M. Casserly, Judge. Affirmed.

Manly, Stewart & Finaldi, John C. Manly, Vince W. Finaldi; Esner Chang & Boyer and Holly N. Boyer for Plaintiff and Appellant.

White Oliver & Amundson, Susan L. Oliver and Juan Fernando Kish for Defendants and Respondents.

Code of Civil Procedure section 340.1 sets forth the limitations period for actions to recover damages for childhood sexual abuse. (Undesignated statutory references are to the Code of Civil Procedure.) Subdivision (g) of section 340.1 (section 340.1(g))

provides that every plaintiff 26 years of age or older who is making a claim based on allegations of childhood sexual abuse must file a certificate of merit.

In this case, we address the interaction of the statute of limitations and certificate of merit requirement set forth in section 340.1 with the tolling provision of Insurance Code section 11583. Specifically, John PD Doe contends that Insurance Code section 11583 tolled the statute of limitation for his claims; thus, although he was chronologically 29 years old when he filed his lawsuit, he was not required to file a certificate of merit because he was actually 20 years old at the time he filed his complaint based on the tolling provisions of Insurance Code section 11583. We disagree and conclude the trial court properly dismissed Doe's complaint after sustaining a demurrer without leave to amend.

FACTUAL AND PROCEDURAL BACKGROUND

In accordance with our standard of review, we recite the facts alleged in Doe's operative complaint. (*Moe v. Anderson* (2012) 207 Cal.App.4th 826, 828.)

Doe was a Boy Scout who attended the Mataguay Scout Ranch, which is owned and operated by San Diego-Imperial Council (formerly Desert Pacific Council) and Boys Scouts of America (together Respondents). Glenn Jordan was an employee at the Mataguay Scout Ranch. Around August 1998, when Doe was 14 years old, and continuing until around 2000, Jordan repeatedly and continuously sexually abused him. Respondents knew Jordan had a propensity to molest children, but failed to warn Doe, Doe's parents or other camp attendees of Jordan's dangerous propensities. In 2003, when Doe was about 19 and 20 years old, Respondents provided him counseling for the abuse

2

he suffered.  Through this counseling process, Doe began to realize that the earlier sexual abuse he had suffered caused the emotional and psychological problems he had been experiencing.

Doe retained counsel in November 2012.  On January 9, 2013, Doe filed this action against Respondents alleging various causes of action.  After Respondents demurred, Doe filed the operative first amended complaint.  Respondents again demurred and moved to strike the complaint, arguing, among other things, the entire complaint was subject to demurrer or should be stricken based on Doe's failure to file the certificates of merit required under section 340.1(g).  The trial court agreed with Respondents, sustained the demurrer without leave to amend and concluded the motion to strike was moot.  After hearing oral argument, the trial court confirmed its ruling and later entered judgment in favor of Respondents.  Doe timely appealed.

DISCUSSION

I. *Standard of Review*

The failure to file a certificate of merit renders the complaint subject to a demurrer or motion to strike.  (§ 340.1, subd. (l).)  "In reviewing a judgment of dismissal after a demurrer is sustained without leave to amend, we must assume the truth of all facts properly pleaded by the plaintiff-appellant. Regardless of the label attached to the cause of action, we examine the complaint's factual allegations to determine whether they state a cause of action on any available legal theory." (*Doe v. Doe 1* (2012) 208 Cal.App.4th 1185, 1188.)  "We do not assume the truth of contentions, deductions, or conclusions of fact or law and may disregard allegations that are contrary to the law or to a fact that may

3

be judicially noticed.  When a ground for objection to a complaint, such as the statute of limitations, appears on its face or from matters of which the court may or must take judicial notice, a demurrer on that ground is proper.  [Citations.]"  (*Id.* at pp. 1188-1189.)

"To the extent issues of statutory interpretation are raised, we apply the rules of statutory construction and exercise our independent judgment as to whether the complaint states a cause of action.  [Citation.]  Our first task in construing a statute is to ascertain the Legislature's intent in order to carry out the purpose of the law.  If the statutory language is clear and unambiguous, no judicial construction is required.  If the statute is ambiguous, the words must be construed in context in light of the statutory purpose. [Citation.]"  (*Doe v. Doe 1*, *supra*, 208 Cal.App.4th at pp. 1188-1189.)

II.  *Section 340.1 and Insurance Code section 11583*

A.  Section 340.1

"Section 340.1 governs the period within which a plaintiff must bring a tort claim based upon childhood sexual abuse."  (*Quarry v. Doe I* (2012) 53 Cal.4th 945, 952 (*Quarry*).)  In *Quarry*, our high court reviewed in detail the history of section 340.1, from its enactment in 1986 to the latest 2002 amendment and we need not repeat it here. (*Quarry*, at pp. 962-972.)  Briefly, in 1990, the Legislature amended subdivision (a) of section 340.1 to specify that causes of action for childhood sexual abuse against direct perpetrators could be brought within eight years of majority (i.e., to age 26) or within three years of the time the plaintiff discovered that psychological injury was caused by childhood abuse, whichever occurs later.  (*Quarry*, at p. 963.)  As the *Quarry* court noted, the amendment "created its own statutory delayed discovery rule."  (*Ibid.*, italics deleted.)

4

At this time, the Legislature also added a certificate of merit requirement as follows: "Every plaintiff 26 years of age or older at the time the action is filed shall file certificates of merit as specified in subdivision (h)." (§ 340.1(g); *Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 207.) "The legislative materials indicate that the purpose of the certificates of merit requirements is to impose 'pleading hurdles aimed at reducing frivolous claims.'" (*Jackson v. Doe* (2011) 192 Cal.App.4th 742, 752.) Even where plaintiffs may have meritorious claims, their failure to comply with the certificate of merit requirement prevents them from prosecuting their claims. (*Ibid.*) As another court stated, the Legislature's act of designating a demurrer and motion to strike as the means to challenge a plaintiff's failure to file the required certificate indicates it "view[ed] the certificates as an aspect of the complaint." (*Doyle v. Fenster* (1996) 47 Cal.App.4th 1701, 1707.)

A certificate of merit consists of declarations signed by the attorney for plaintiff and by a licensed mental health practitioner attesting that "there is reasonable and meritorious cause for the filing of the action" and "a reasonable basis to believe that the plaintiff had been subject to childhood sexual abuse." (§ 340.1, subd. (h).) A separate certificate of merit is required for each defendant in the case. (*Id.* at subd. (i).) In any action for which the certificate of merit requirement applies, "no defendant may be served, and the duty to serve a defendant with process does not attach, until the court has reviewed the certificates of merit filed pursuant to subdivision (h) with respect to that defendant, and has found, in camera, based solely on those certificates of merit, that there

5

is reasonable and meritorious cause for the filing of the action against that defendant. At that time, the duty to serve that defendant with process shall attach." (*Id.* at subd. (j).)

B. Insurance Code section 11583

Insurance Code section 11583 provides in part: "No advance payment or partial payment of damages made by any person, or made by his insurer . . . , as an accommodation to an injured person . . . shall be construed as an admission of liability by the person claimed against, or of that person's or the insurer's recognition of such liability . . . . Any person, including any insurer, who makes such an advance or partial payment, shall at the time of beginning payment, notify the recipient thereof in writing of the statute of limitations applicable to the cause of action which such recipient may bring against such person as a result of such injury . . . . Failure to provide such written notice shall operate to toll any such applicable statute of limitations or time limitations from the time of such advance or partial payment until such written notice is actually given. That notification shall not be required if the recipient is represented by an attorney."

Where a person or insurer makes partial payment of a claim, but fails to inform an unrepresented insured of the applicable statute of limitations, the statute is tolled until notice is given or the insured retains counsel, whichever comes first. (*Associated Truck Parts, Inc. v. Superior Court* (1991) 228 Cal.App.3d 864, 870.) Insurance Code section 11583 "is primarily designed to encourage early payment of damages without fear of admitting liability. [Citation.] The legislative purpose of the written notice requirement is to prevent an injury victim from being lulled into a false sense of complacency about the need to sue because an advance or partial payment by the defendant or his insurer

6

shows their apparent cooperativeness." (*Doe v. Doe 1*, *supra*, 208 Cal.App.4th at p. 1191.)

### III. *Analysis*

Doe became aware of his injuries in 2003 after he obtained counseling paid for by Respondents. Doe did not file this action until January 2013, about ten years later. Thus, unless a tolling provision applied, Doe's claims were time-barred under section 340.1, subdivision (a). Doe alleged and Respondents did not challenge, that the tolling provision of Insurance Code section 11583 applied based on Respondents' failure to notify Doe in writing about the statute of limitations when Doe received the counseling. For purposes of appeal, Respondents do not challenge the timeliness of the complaint. The sole issue presented is whether Doe was required to file a certificate of merit because he was 29 years old when he initiated this action.

We start by examining the language of the statute. Section 340.1(g) provides: "Every plaintiff 26 years of age or older at the time the action is filed shall file certificates of merit as specified in subdivision (h)." The plain language of the statute supports the interpretation that, without exception, "every plaintiff" 26 years of age or older at the time the action is filed must file certificates of merit. (*Jackson v. Doe*, *supra*, 192 Cal.App.4th at p. 751 ["On its face, subdivision (g)'s use of the phrase 'every plaintiff 26 years of age or older' requires all plaintiffs above a certain age to file the certificates of merit in lawsuits alleging childhood sexual abuse."].)

Relying on the legislative history of the 1990 amendment that added the delayed discovery rule and certificate of merit provisions, Doe asserts the certificate of merit

7

requirement is connected to application of the delayed discovery rule. In other words, it is only when a victim is past the age of 26 and relying on the delayed discovery rule to timely assert a claim that the safeguard of the certificates of merit is necessary. Where, as here, the statutory language is clear, there is no need to rely on the legislative history to ascertain the meaning of statutory language. (*Diamond Multimedia Systems, Inc. v. Superior Court* (1999) 19 Cal.4th 1036, 1055.) Nonetheless, we address Doe's argument.

Doe correctly notes that the legislative history for the 1990 amendment discusses the delayed discovery rule and the certificate requirement together as these were the two matters at issue. (Office of Crim. Justice Planning, Enrolled Bill Rep. on Sen. Bill No. 108 (1989-1990 Reg. Sess.) as amended Aug. 15, 1990, p. 2. (Enrolled Bill Rep.) ["The bill specifies that every plaintiff over the age of 26 years at the time the action is filed who brings or has brought an action for recovery for damages suffered as a result of childhood sexual abuse based on delayed discovery, shall file a certificate of merit."].) Nonetheless, Doe has cited nothing in the legislative history suggesting that certificates of merit are required only when a plaintiff is relying on the delayed discovery rule.

Our review of the legislative history reveals no support for this proposition. Instead, the Enrolled Bill Rep. separately addressed extension of the statute of limitations not only when a plaintiff relies on the delayed discovery rule, but also where a plaintiff brings an action eight years from the date of majority (i.e., at age 26). (Enrolled Bill Rep., *supra*, at p. 1.) It then separately addressed the requirement that "certain plaintiffs" file certificates of merit. (*Ibid.*) Thus, the Enrolled Bill Rep. suggests the certificate of merit requirement applies not only where a plaintiff relies on the delayed discovery rule,

8

but also where a plaintiff has reached the age of 26. (*Elsner v. Uveges* (2004) 34 Cal.4th 915, 934, fn. 19 [The California Supreme Court has "routinely found enrolled bill reports, prepared by a responsible agency contemporaneous with passage and before signing, instructive on matters of legislative intent."].) Had the Legislature intended the certificate of merit requirement to apply only where a plaintiff relies on the delayed discovery rule, it could have drafted section 340.1(g) to read: every plaintiff 26 years of age or older at the time the action is filed *and relying on the delayed discovery provision of subdivision (a)* shall file certificates of merit.

It is more likely the Legislature was aware the tolling provision of Insurance Code section 11583 could apply and that a claim for childhood sexual abuse could possibly be filed 20, 30 or more years after a defendant or its insurer has made advance payment or partial payment of damages without notifying the recipient in writing of the statute of limitations. (*In re Greg F.* (2012) 55 Cal.4th 393, 407 ["The Legislature is presumed to be aware of all laws in existence when it passes or amends a statute."].) Accordingly, the Legislature broadly worded the certificate of merit requirement to apply to *every* plaintiff over 26 years old. This result comports with the general purposes of both a statute of limitations and certificate of merit requirement. As the legislative history of the 1990 amendment reveals, "[s]tatutes of limitations are intended to prevent claims being brought when 'evidence has been lost, memories have faded, and witnesses have disappeared.'" (Assem. Com. on Judiciary, Analysis of Sen. Bill No. 108 (1989-1990 Reg. Sess.) as amended April 30, 1990, p. 6 [for hearing on Feb. 21, 1990].) In turn, "certificate of merit procedures are pleading hurdles aimed at reducing frivolous claims

9

and discouraging increased filing against certain professionals." (*Id.* at p. 7.) Exempting plaintiffs age 26 years or older from the certificate of merit requirement who have brought a timely claim based on Insurance Code section 11583 tolling defeats the purpose of certificates of merit.

Doe next argues that when section 340.1 is read as a whole and the words are construed in their statutory context, it is clear that the tolling provided by Insurance Code section 11583 applies to all provisions within section 340.1, including subdivision (g) concerning the filing of certificates of merit. In other words, Doe claims his clock stopped in 2003 when he was 20 and received counseling by Respondents, and was then restarted in November 2012 when he retained counsel. Thus, although Doe was 29 years old when he filed his complaint, in the eyes of section 340.1, he was still 20 years old and was thus not required to file a certificate of merit because he still had six years remaining on "the statute of limitations clock." We reject this interpretation as it is inconsistent with the plain language of section 340.1(g). This interpretation also ignores the presumption the Legislature was aware that Insurance Code section 11583 tolling or another tolling statute could result in plaintiffs significantly older than 26 bringing timely claims for childhood sexual abuse.

Finally, Doe contends that, should we agree with the trial court that he was required to comply with section 340.1(g), such a holding should be given prospective application only as it would be the first opinion interpreting the statute in this manner; he reasonably relied on *Doe v. Doe 1* in concluding the certificate of merit requirement did

10

not apply and Respondents waited until the second round of pleading challenges to raise the defect. We reject Doe's request.

"The general rule is that judicial decisions are given retroactive effect. [Citation.] Departure from that rule is limited to those narrow circumstances in which considerations of fairness and public policy preclude retroactivity. In sum, '[a] court may decline to follow the standard rule when retroactive application of a decision would raise substantial concerns about the effects of the new rule on the general administration of justice, or would unfairly undermine the reasonable reliance of parties on the previously existing state of the law. In other words, courts have looked to the "hardships" imposed on parties by full retroactivity, permitting an exception only when the circumstances of a case draw it apart from the usual run of cases.'" (*Laird v. Blacker* (1992) 2 Cal.4th 606, 620.)

There is nothing in this case that makes it unusual. Doe asserts he reasonably relied on *Doe v. Doe 1* in concluding the certificate of merit requirement did not apply. In *Doe v. Doe 1*, the appellate court concluded that Insurance Code section 11583 could toll the statute of limitations set forth in section 340.1. In that case, the plaintiff sued church entities in 2010, alleging that his local parish priest sexually molested him in 1987 and 1988. (*Doe v. Doe 1*, *supra*, 208 Cal.App.4th at p. 1187.) Plaintiff alleged that the statute of limitations was tolled under Insurance Code section 11583 because in 1988, one of the defendants and its insurance carrier paid for one therapy session to address the sexual abuse he had suffered. (*Doe v. Doe 1*, at p. 1188.) The trial court dismissed the complaint after sustaining the church entities' demurrers because the statute of limitations had expired. (*Id.* at p. 1187.) The appellate court reversed, holding the statute of

11

limitations had been tolled because plaintiff did not receive notice of when the statute of limitations would run as required by Insurance Code section 11583. (*Doe v. Doe 1*, at p. 1187.)

*Doe v. Doe 1* held that Insurance Code section 11583 tolling applied to section 340.1; it did not address the certificate of merit requirement. "'"It is axiomatic that cases are not authority for propositions not considered."'" (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 127.) The exception to the principle of retroactivity is inapplicable where, as here, a court is deciding a legal question in the first instance, rather than overturning prior appellate decisions. (*Abramson v. Juniper Networks, Inc.* (2004) 115 Cal.App.4th 638, 660-661.)

Doe correctly notes that Respondents waited until the second round of pleading challenges to raise the missing certificates of merit; however, we fail to see how this assists him. Subdivision (h)(1) and (2) of section 340.1 set forth declaration requirements for the attorney who reviewed the case and a mental health practitioner that the plaintiff has a meritorious claim and a reasonable basis exists to believe the plaintiff had been subject to childhood sexual abuse. Subdivision (h)(3) of section 340.1 allows the attorney for the plaintiff to submit a declaration stating the attorney "was unable to obtain the consultation required by paragraph (1) because a statute of limitations would impair the action and that the certificates required by paragraphs (1) and (2) could not be obtained before the impairment of the action. *If a certificate is executed pursuant to this paragraph, the certificates required by paragraphs (1) and (2) shall be filed within 60 days after filing the complaint*." (Italics added.) The 60 day grace period of subdivision

(h)(3) of section 340.1 does not apply because the statute of limitations would not have expired prior to Doe filing this action. Stated differently, the language of subdivision (h)(3) of section 340.1 is not so broad as to allow a plaintiff that has failed to file the required certificates of merits to correct the defect if done so within 60 days of filing the complaint. In any event, Doe never filed a certificate of merit within 60 days of filing the complaint or any time thereafter.

## DISPOSITION

The judgment is affirmed. Respondents are entitled to their costs on appeal.


McINTYRE, J.

WE CONCUR:

BENKE, Acting P. J.

IRION, J.

13