Filed 10/17/17                    CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| JOHN PD DOE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>SAN DIEGO-IMPERIAL COUNCIL et al.,<br><br>    Defendants and Respondents. | D070414<br><br><br><br>(Super. Ct. No. 37-2013-00029313-CU-PO-NC) |

APPEAL from an order of the Superior Court of San Diego County,

Timothy M. Casserly, Judge.  Reversed.

Manly Stewart & Finaldi, John C. Manly, Vince W. Finaldi, Sky L. Daley; Esner,

Chang & Boyer, Stuart B. Esner, Andrew N. Chang, Holly N. Boyer and Joseph S.

Persoff for Plaintiff and Appellant.

White & Amundson, Daniel M. White and Rebecca D. Lack for Defendants and

Respondents.

I.

INTRODUCTION

Plaintiff John PD Doe was sexually abused by a Boy Scout master beginning in

1998 and continuing for a number of years at a ranch owned and operated by the

defendants, San Diego-Imperial Council and Boy Scouts of America (the defendants). In 2013, many years after the abuse and after Doe obtained psychological therapy, he filed this action against the defendants. The defendants ultimately demurred to Doe's complaint on the ground that he failed to file a certificate of merit, as required by Code of Civil Procedure section 340.1 (section 340.1), which applies to actions to recover damages for childhood sexual abuse. The trial court sustained the defendants' demurrer on this ground, without leave to amend. Doe appealed the trial court's judgment, and this court affirmed the judgment in favor of the defendants in *Doe v. San Diego-Imperial Council* (2015) 239 Cal.App.4th.81 (*Doe I*).

Following the issuance of the remittitur, the defendants moved for an award of attorney fees with respect to the fees incurred in defendant Doe's appeal. The defendants sought attorney fees pursuant to subdivision (q) of section 340.1. That provision provides that at the conclusion of litigation involving childhood sexual abuse, if the litigation has come to a "favorable conclusion . . . with respect to any defendant" as to whom the plaintiff was required to file a certificate of merit, either the defendant or the court may verify the plaintiff's compliance with the certificate of merit requirement. If the court finds that the plaintiff failed to comply with the certificate of merit requirement, the court may award attorney fees to the defendant for whom the certificate of merit requirement was not met. (§ 340.1, subd. (q).)

The trial court awarded the defendants the fees that they requested without analyzing the statutory provision or stating the court's reasoning as to why such fees were appropriate.

2

Doe appeals from the trial court's order awarding the defendants attorney fees resulting from the prior appeal. Doe contends that section 340.1, subdivision (q) was designed to permit an award of attorney fees only in situations in which there is some indication that the plaintiff's claim of sexual abuse is without merit, such that the conclusion of the litigation may be deemed to constitute a " [']favorable conclusion of the litigation with respect to['] " the defendants for whom a certificate of merit was filed or should have been filed. Doe asserts that in this case, where the trial court acknowledged that Doe's claim was not frivolous, and there was no indication that the claim lacked merit, the defendants were not eligible for an award of attorney fees pursuant to section 340.1, subdivision (q).

The defendants contend that they are entitled to attorney fees pursuant to section 340.1, subdivision (q) because they obtained a dismissal of the action, and, as a result, they are prevailing parties and are entitled to attorney fees. They assert that a "favorable conclusion" is not a prerequisite to an award of attorney fees under section 340.1, subdivision (q), and that even if a "favorable conclusion" is a prerequisite, the dismissal of Doe's complaint constitutes such a "favorable conclusion."

We conclude that a defendant is eligible for an award of attorney fees pursuant to section 340.1, subdivision (q) only where the litigation has resulted in a "favorable conclusion" for that defendant, and that a "favorable conclusion" requires a result that is reflective of the merits of the litigation. In this case, the dismissal of Doe's action was procured as a result of a procedural defect that does not reflect on the merits of the action. As a result, there was no "favorable conclusion" with respect to the defendants, and they

3

are therefore not eligible to be awarded their attorney fees pursuant to section 340.1, subdivision (q). We therefore reverse the order of the trial court awarding the defendants attorney fees.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff John Doe was a Boy Scout who attended the Mataguay Scout Ranch (the Ranch) where Glenn Jordan was an employee. The Ranch is owned and operated by defendants San Diego-Imperial Council and Boy Scouts of America. As alleged by Doe, beginning in the summer of 1998, when Doe was 14 years old, and continuing until approximately 2000, Jordan repeatedly sexually abused Doe. According to Doe, the defendants knew that Jordan had a propensity to molest children, but they failed to warn Doe or his family, or other camp attendees.

In 2003, when Doe was approximately 19 or 20 years old, the defendants provided counseling for Doe because of the abuse he had suffered. Through the counseling process, Doe realized that the sexual abuse had caused him to suffer emotional and psychological problems.

In November 2012, Doe retained counsel. On January 9, 2013, Doe filed this action against the defendants alleging various causes of action. After the defendants demurred, Doe filed a first amended complaint. The defendants again demurred and moved to strike the complaint, arguing, among other things, that the entire first amended

---

1    We summarize these facts from the factual background provided in this court's opinion in *Doe I*, *supra*, 239 Cal.App.4th at p. 85.

4

complaint was subject to demurrer or should be stricken because Doe had failed to file certificates of merit, as required under section 340.1, subdivision (g). The trial court sustained the demurrer without leave to amend on this ground and concluded that the motion to strike was moot. After hearing oral argument, the trial court confirmed its ruling and later entered judgment in favor of the defendants.

Doe appealed the trial court's judgment, arguing that Insurance Code section 11583 tolled the statute of limitation for his claims. According to Doe, although section 340.1 requires any plaintiff who is 26 years of age or older at the time the action is filed to file certificates of merit together with the complaint, and even though he was chronologically 29 years old when he filed his lawsuit, under the tolling provisions of Insurance Code section 11583, he should have been considered to have been only 20 years old at the time he filed his complaint. (*Doe I*, *supra*, 239 Cal.App.4th at p. 85.) Doe asserted that the tolling provision of Insurance Code section 11583 applied to him as a result of the defendants' failure to notify him in writing about the statute of limitations when the defendants provided him counseling for the emotional suffering that he endured as a result of the sexual abuse. (*Doe I*, *supra*, at p. 88.) In the prior appeal in this case, addressing what was an issue of first impression, this court ultimately disagreed with Doe's legal argument and affirmed the trial court's judgment, but in doing so, noted that the statutory framework might prevent plaintiffs from prosecuting even meritorious claims. (*Id.* at pp. 87, 90, 92.)

After the judgment became final, the defendants moved for an award of the attorney fees that they had incurred on appeal, pursuant to section 340.1, subdivision (q)'s

attorney fees provision.  The trial court awarded the defendants the fees that they requested, without explanation.  Doe filed a timely appeal from the trial court's order granting the defendant's motion for attorney fees.

III.

DISCUSSION

Section 340.1 sets forth procedural guidelines that must be followed when a plaintiff seeks to pursue a childhood sex abuse claim.  Subdivision (g) of section 340.1 requires that any plaintiff who is 26 years of age or older at the time the action is filed must file certificates of merit together with the complaint.  The purpose of the certificate of merit requirement is to reduce the filing of frivolous claims by imposing a pleading hurdle.  (*Jackson v. Doe* (2011) 192 Cal.App.4th 742, 752 (*Jackson*).)

Subdivision (q) of section 340.1 includes the provision's only reference to attorney fees.  That provision states in full:

> "Upon the favorable conclusion of the litigation with respect to any defendant for whom a certificate of merit was filed or for whom a certificate of merit should have been filed pursuant to this section, the court may, upon the motion of a party or upon the court's own motion, verify compliance with this section by requiring the attorney for the plaintiff who was required by subdivision (h) to execute the certificate to reveal the name, address, and telephone number of the person or persons consulted with pursuant to subdivision (h) that were relied upon by the attorney in preparation of the certificate of merit.  The name, address, and telephone number shall be disclosed to the trial judge in camera and in the absence of the moving party.  If the court finds there has been a failure to comply with this section, the court may order a party, a party's attorney, or both, to pay any

6

reasonable expenses, including attorney's fees, incurred by the defendant for whom a certificate of merit should have been filed."[2]

The parties dispute the proper interpretation of subdivision (q) of section 340.1. The defendants contend that a defendant may obtain an attorney fee award any time a plaintiff has failed to comply with the certificate of merit requirement set forth in subdivision (h) of section 340.1.  Doe contends that a defendant is eligible to obtain

---

[2]    Subdivision (h) of section 340.1, as referenced by subdivision (q), provides:

> "(h) Certificates of merit shall be executed by the attorney for the plaintiff and by a licensed mental health practitioner selected by the plaintiff declaring, respectively, as follows, setting forth the facts which support the declaration:
>
> "(1) That the attorney has reviewed the facts of the case, that the attorney has consulted with at least one mental health practitioner who is licensed to practice and practices in this state and who the attorney reasonably believes is knowledgeable of the relevant facts and issues involved in the particular action, and that the attorney has concluded on the basis of that review and consultation that there is reasonable and meritorious cause for the filing of the action.  The person consulted may not be a party to the litigation.
>
> "(2) That the mental health practitioner consulted is licensed to practice and practices in this state and is not a party to the action, that the practitioner is not treating and has not treated the plaintiff, and that the practitioner has interviewed the plaintiff and is knowledgeable of the relevant facts and issues involved in the particular action, and has concluded, on the basis of his or her knowledge of the facts and issues, that in his or her professional opinion there is a reasonable basis to believe that the plaintiff had been subject to childhood sexual abuse.
>
> "(3) That the attorney was unable to obtain the consultation required by paragraph (1) because a statute of limitations would impair the action and that the certificates required by paragraphs (1) and (2) could not be obtained before the impairment of the action.  If a certificate is executed pursuant to this paragraph, the certificates required by paragraphs (1) and (2) shall be filed within 60 days after filing the complaint."

7

attorney fees only if the plaintiff failed to comply with the certificate of merit requirement *and* the defendant obtained a favorable conclusion in the litigation.

The defendants contend that even if Doe is correct that the defendant must have obtained a favorable conclusion in the litigation in order for that defendant to be eligible for an award of attorney fees, this matter was concluded in their favor when the case was dismissed. Doe counters that the language used in section 340.1, subdivision (q) has been given specialized meaning by a court that construed the identical phrase in a similar statute involving claims for malpractice, and that this specialized meaning requires that the lawsuit have been concluded favorably for the defendants on the merits, rather than on mere procedural grounds.

A. *Statutory interpretation*

"Our primary task in interpreting a statute is to determine the Legislature's intent, giving effect to the law's purpose. [Citation.] We consider first the words of a statute, as the most reliable indicator of legislative intent. [Citation.] ' " 'Words must be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible.' [Citation.] Interpretations that lead to absurd results or render words surplusage are to be avoided." ' " (*Tuolumne Jobs & Small Business Alliance v. Superior Court* (2014) 59 Cal.4th 1029, 1037.)

To the extent that the statutory language is ambiguous, "we may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history." (*Day v. City of Fontana* (2001) 25 Cal.4th 268, 272.) "If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's

purpose, legislative history, and public policy."  (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737; accord, *Imperial Merchant Services, Inc. v. Hunt* (2009) 47 Cal.4th 381, 388.)  Further, a "statute's every word and provision should be given effect so that no part is useless, deprived of meaning or contradictory.  Interpretation of the statute should be consistent with the purpose of the statute and statutory framework."  (*Fireman's Fund Ins. Co. v. Workers' Comp. Appeals Bd.* (2010) 189 Cal.App.4th 101, 109–110.)  " ' "An interpretation that renders related provisions nugatory must be avoided [citation]; each sentence must be read not in isolation but in the light of the statutory scheme [citation]; and if a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed." ' "  (*People v. Kirk* (2006) 141 Cal.App.4th 715, 720–721.)

B.  *Application*

1.  *The Legislature intended to provide for an award of attorney fees to a defendant only "[u]pon the favorable conclusion of the litigation" with respect to that defendant*

The parties disagree as to the circumstances under which a defendant is eligible to be awarded attorney fees pursuant to subdivision (q) of section 340.1.[3]  Doe contends

---

3     For ease of reference, we repeat the text of this subdivision here:

"Upon the favorable conclusion of the litigation with respect to any defendant for whom a certificate of merit was filed or for whom a certificate of merit should have been filed pursuant to this section, the court may, upon the motion of a party or upon the court's own motion, verify compliance with this section by requiring the attorney for the plaintiff who was required by subdivision (h) to execute the certificate to reveal the name, address, and telephone number of the person or persons consulted with pursuant to subdivision (h) that

9

that a defendant may be awarded attorney fees "only if it is discovered after the case concludes with a determination on the merits in favor of the defendant that the plaintiff did not comply with the certificate of merit requirement."

The defendants contend that the sentence that refers to attorney fees should be considered to be separate from the other two sentences in subdivision (q), such that there is no need for a party to establish that the party obtained a "favorable conclusion" in order to be eligible for an award of attorney fees.  Specifically, the defendants argue:

> "Subdivision (q) consists of three sentences.  The first sentence deals with a motion to compel disclosure of the name and contact information of the person relied upon in preparing the certificate of merit.  This motion is to be made 'upon the favorable conclusion of the litigation.'  The second sentence states that any such disclosure should be made to the judge *in camera*.  Th[e] third sentence reads as follows:
>
> "If the court finds there has been a failure to comply with this section, the court may order a party, a party's attorney, or both, to pay any reasonable expenses, including attorney's fees, incurred by the defendant for whom a certificate of merit should have been filed. (Civ. Proc. Code, § 340.l, subd. (q).)
>
> "Nothing in this third sentence says that a 'favorable conclusion' is required for the court to award attorney's fees and no case law supports this premise."

---

were relied upon by the attorney in preparation of the certificate of merit.  The name, address, and telephone number shall be disclosed to the trial judge in camera and in the absence of the moving party.  If the court finds there has been a failure to comply with this section, the court may order a party, a party's attorney, or both, to pay any reasonable expenses, including attorney's fees, incurred by the defendant for whom a certificate of merit should have been filed." (§ 340.1, subd. (q).)

10

We agree with Doe that the more reasonable interpretation of subdivision (q) is that all three sentences placed in that subdivision are intended to relate to each other. Although it is true that the third sentence in subdivision (q), which refers to attorney fees, does not independently include the phrase "favorable conclusion," that phrase *is* included in the first sentence of the subdivision. All three of these sentences involve what may occur when the litigation has been concluded in a defendant's favor. All three sentences should be read together. The meaning and impact of doing so is that in a case where the litigation terminates in a defendant's favor, the defendant or the court may move to verify the plaintiff's certificate of merit, and, if the court finds a failure to comply with subdivision (q)'s certificate of merit requirement, the court may award the defendant his or her reasonable expenses, including attorney fees.

The defendants' position, that each sentence of subdivision (q) in section 340.1 should be read independently from the other sentences in that subdivision makes little sense, given the Legislature's use of the subdivision structure in section 340.1. The organizing structure of the provision, including its framing of a variety of matters into discrete subdivisions, should be given some effect with respect to the meaning to be given to the language that appears in those subdivisions. It is patently more reasonable to conclude that sentences that are placed together in a single subdivision should be considered to relate to each other, as opposed to being wholly independent from one another.

Indeed, others have adopted our interpretation of subdivision (q). In the California Judges Benchbook, the following explanation of this provision is provided:

11

"On the favorable conclusion of the litigation with respect to any defendant, the judge may, on a party's motion or on the judge's own motion, verify compliance with the requirements of CCP §340.1 by requiring the plaintiff's attorney to reveal the name, address, and telephone number of each person the attorney consulted under CCP §340.1(h) and that the attorney relied on in preparing the certificate of merit. CCP §340.1(q). This information must be disclosed to the judge in chambers and in the absence of the moving party. If the judge finds that the attorney failed to comply with the statutory requirements, the judge may order the plaintiff and/or the attorney to pay any reasonable expenses, including attorney's fees, the defendant incurred. CCP §340.1(q). A violation of the statutory requirements may constitute unprofessional conduct and may be grounds for discipline of the plaintiff's attorney. CCP §340.1(k)." (Cal. Judges Benchbook: Civil Proceedings Before Trial (CJER 2008) Attacks on Pleadings, § 12.189, p. 111.)

Not only does the structure of subdivision (q) favor this interpretation, but a review of other subdivisions of section 340.1 also supports an interpretation that allows for an award of attorney fees only upon a finding that the litigation has been concluded in a defendant's favor. Specifically, the Legislature placed the attorney fees reference in subdivision (q), together with the reference to "[u]pon the favorable conclusion of the litigation with respect to any defendant," and chose not to include a reference to an award of attorney fees in subdivision (*l*), which is the subdivision that states that the "failure to file certificates in accordance with this section shall be grounds for a demurrer pursuant to Section 430.10 or a motion to strike pursuant to Section 435." If the Legislature had intended to authorize an award of attorney fees to a defendant in a situation in which a case is dismissed as a result of a plaintiff's failure to file a certificate of merit as required by section 340.1, one would expect that the Legislature would have included language in subdivision (l) to expressly provide that a defendant is eligible to obtain an attorney fee

12

award in connection with a successful demurrer or motion to strike. However, it did not do so.

In addition, our interpretation of the statute would effectuate the discernable purpose of the statute—i.e., a reduction in the filing of frivolous claims. (See *Jackson*, *supra*, 192 Cal.App.4th at p. 752 ["The legislative materials indicate that the purpose of the certificates of merit requirements is to impose 'pleading hurdles aimed at reducing frivolous claims' "].) The attorney fee provision in subdivision (q) of section 240.1 is not a reciprocal provision; it provides for only a defendant to obtain attorney fees. It thus appears clear that the attorney fee provision is intended to act as a deterrent to the filing of frivolous claims. A plaintiff risks having to pay the defendant's attorney fees upon the conclusion of litigation in favor of the defendant on the merits if the plaintiff fails to comply with the requirements regarding the filing of a certificate of merit.

The defendants' reliance on *Guinn v. Dotson* (1994) 23 Cal.App.4th 262 (*Guinn*) is misplaced. *Guinn* involved the application of Code of Civil Procedure section 411.35, which both parties agree imposes an identical certificate of merit requirement with respect to malpractice actions against certain professionals, and also provides for an award of attorney fees by use of language that is substantively identical to that found in subdivision (q) of section 340.1. (See *Guinn*, *supra*, 23 Cal.App.4th at pp. 265–266.)[4]

---

[4] The relevant provision of Code of Civil Procedure section 411.35, subdivision (h) provides as follows:

> "Upon the favorable conclusion of the litigation with respect to any party for whom a certificate of merit was filed or for whom a certificate of merit should have been filed pursuant to this section,

13

In *Guinn*, the court sustained the defendant's demurrer without leave to amend due to the plaintiffs' failure to file proper certificate of merit. (*Guinn*, *supra*, 23 Cal.App.4th p. 266.) The court subsequently awarded the defendant attorney fees pursuant to Code of Civil Procedure section 411.35. However, in doing so, the court declined to award the defendant his paralegal fees as part of the award of attorney fees. (*Guinn*, *supra*, at p. 266.) On appeal, the plaintiffs argued that the trial court abused its discretion in sustaining the defendant's demurrer to the second amended complaint without leave to amend and in not ruling on the plaintiff's motion to allow the late filing of a certificate of merit. (*Ibid.*) The defendant also appealed, arguing that the trial court had abused its discretion in refusing to award paralegal fees as part of the fee award. (*Ibid.*) The plaintiffs did *not* contest whether the defendant was eligible to obtain attorney fees under Code of Civil Procedure section 411.35 as a result of having obtained a favorable conclusion in the litigation. As a result, the *Guinn* court had no opportunity to consider whether the attorney fee provision in Code of Civil Procedure section 411.35 permitted an award of attorney fees regardless of whether the defendant obtained a favorable

the trial court may, upon the motion of a party or upon the court's own motion, verify compliance with this section, by requiring the attorney for the plaintiff or cross-complainant who was required by subdivision (b) to execute the certificate to reveal the name, address, and telephone number of the person or persons consulted with pursuant to subdivision (b) that were relied upon by the attorney in preparation of the certificate of merit. The name, address, and telephone number shall be disclosed to the trial judge in an in-camera proceeding at which the moving party shall not be present. If the trial judge finds there has been a failure to comply with this section, the court may order a party, a party's attorney, or both, to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of the failure to comply with this section."

14

conclusion in the action. " ' " '[I]t is axiomatic that cases are not authority for propositions not considered.' " ' " (*Riverside County Sheriff's Dept. v. Stiglitz* (2014) 60 Cal.4th 624, 641.)

In addition, in *Guinn*, the plaintiffs' attempt to comply with an alternative to the certificate of merit requirement was a sham. Specifically, the plaintiff had filed a "res ipsa certificate," which would have obviated the need for a certificate of merit under Code of Civil Procedure section 411.35. (*Guinn*, *supra*, 23 Cal.App.4th at p. 266.) The trial court determined that the statement in the certificate filed with the second amended complaint stated that the plaintiffs were relying solely on the doctrine of res ipsa loquitur, but that this statement "was in direct conflict with the allegations of the second amended complaint." (*Ibid.*)

*Guinn* simply does not stand for the proposition that the defendants suggest it does. Specifically, *Guinn* does not support the defendants' contention that a successful demurrer to a complaint for failure to file the required certificate of merit is sufficient to entitle a defendant to an award of attorney fees pursuant to section 340.1, subdivision (q), irrespective of whether the litigation was "favorabl[y] conclu[ded] . . . with respect to [that] defendant." (§ 340.1, subd. (q).) We therefore conclude that *Guinn* offers no persuasive analysis with respect to how to interpret subdivision (q) of section 340.1, and it does not alter our statutory interpretation of the relevant language.

15

2. *A "favorable conclusion" requires some determination on the merits of the action*

The parties disagree as to what the phrase "[u]pon the favorable conclusion of the litigation with respect to any defendant" means.

The defendants argue that a "judgment of dismissal in favor of the [defendants], affirmed by the court of appeal, satisfies [the 'favorable conclusion'] requirement." (Capitalization & boldface omitted.) Doe contends that in order for there to be a "favorable conclusion" of litigation with respect to a defendant, there must be some indication that the conclusion reflects on the merits of the case, "such as a [ruling on a] motion for summary judgment or a jury verdict."

We begin by noting that section 340.1, subdivision (q) utilizes the "favorable conclusion" language, and does not refer to a "prevailing party" or the "prevailing defendant." Our review of the Code suggests that this "favorable conclusion" language is found *only* in section 340.1, subdivision (q) and in Code of Civil Procedure section 411.35, subdivision (h), which is the provision that was at issue in *Guinn*, *supra*, 23 Cal.App.4th 262, and which is virtually identical to subdivision (q) of section 340.1.

Importantly, another court has already interpreted the "favorable conclusion" language in the context of Code of Civil Procedure section 411.35, subdivision (h). The court in *Korbel v. Chou* (1994) 27 Cal.App.4th 1427 (*Korbel*) considered whether a settlement between the parties constituted a "favorable conclusion" of the litigation for purposes of an award of attorney fees pursuant to subdivision (h) of section 411.35. The *Korbel* court noted that it could find no published opinion "addressing whether a case

16

dismissed pursuant to a settlement is a 'favorable conclusion' "; the *Korbel* court therefore looked to authorities that examined the meaning of the phrase "favorable termination" in the context of a malicious prosecution action.  (*Korbel*, *supra*, at p. 1430.)

The *Korbel* court determined that a "favorable conclusion" within the meaning of section 411.35, subdivision (h) "is the same as a favorable termination," and that both require a conclusion that is reflective of the merits of the plaintiff's action.  (*Korbel*, *supra*, 27 Cal.App.4th at p. 1431.)  "Favorable termination was defined by our Supreme Court over 50 years ago in *Jaffe v. Stone* (1941) 18 Cal.2d 146.  'The theory underlying the requirement of favorable termination is that it tends to indicate the innocence of the accused . . . .  If the accused were actually convicted, the presumption of his [or her] guilt or of probable cause for the charge would be so strong as to render wholly improper any action against the instigator of the charge. . . .  The same fundamental theory is applied in testing a dismissal or other termination without a complete trial on the merits.  If it is of such a nature as to indicate the innocence of the accused, it is a favorable termination sufficient to satisfy the requirement.  If, however, the dismissal is on technical grounds, for procedural reasons, or for any other reason not inconsistent with his [or her] guilt, it does not constitute a favorable termination.' "  (*Korbel*, *supra*, at pp. 1431–1432.)  Therefore, " '[i]n order for the termination of the lawsuit to be considered "favorable" to the malicious prosecution plaintiff, it must be reflective of the merits of the action and of the plaintiff's innocence of the misconduct alleged therein.' [Citation.]  To determine whether a 'favorable termination' occurred when the 'proceeding is terminated other than on its merits, the reasons underlying the termination must be examined to see if it reflects

17

the opinion of either the court or the prosecuting party that the action would not succeed.' " (*Id.* at p. 1431.)

The *Korbel* court noted that there are a number of reasons why "a favorable conclusion is the same as a favorable termination," and that it is of no consequence that the Legislature used the word "conclusion" in section 411.35 while the malicious prosecution law refers to a "termination." (*Korbel*, *supra*, 27 Cal.App.4th at p. 1431.) Significantly, "[t]he purpose of [section 411.35] and a malicious prosecution action are exactly the same. Subdivision (h)'s purpose is to provide sanctions and attorney fees for frivolous lawsuits. (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1718 (1987–1988 Reg. Sess.) as introduced May 3, 1988.) The purpose behind a malicious prosecution action is to provide a remedy for unjustifiable lawsuits. [Citation.] In a section 411.35, subdivision (h) motion, the litigation must end in a 'favorable conclusion' before sanctions and attorney fees can be awarded. Similarly, the underlying suit in a malicious prosecution action must end in a 'favorable termination' or the action cannot be maintained. In other words, both require the litigation to end favorably before costs or fees can be awarded for an unjustified lawsuit." (*Korbel*, *supra*, at p. 1432.) Further, such a conclusion "is consistent with basic statutory interpretation." (*Ibid.*) " '[W]e first consult the words themselves, giving them their usual and ordinary meaning.' [Citation.] 'Favorable' is defined as 'giving a result that is in one's favor'; 'conclusion' means 'the last part of anything: close, termination, end.' (Webster's New Internat. Dict. (3d ed. 1961) pp. 471 & 830.) The plain meaning of 'favorable conclusion' is the litigation ended in

18

defendant's favor. In other words, there was a favorable termination to the litigation."
(*Ibid.*)

We agree with the *Korbel* court's analysis and conclude that, given that section 411.35, subdivision (h) and section 340.1, subdivision (q) use virtually identical language, it is appropriate to apply the *Korbel* court's interpretation of "favorable conclusion" as used in section 411.35, subdivision (h) to that same phrase as used in section 340.1, subdivision (q).

3. *The dismissal in this case does not reflect on the merits of this litigation, and therefore does not constitute a "favorable conclusion"*

We now consider whether the dismissal is this case reflects the opinion of either the court or the prosecuting party that the action would not succeed, such that the court's sustaining of defendants' demurrer without leave to amend may be considered a "favorable conclusion." The dismissal occurred as a result of the sustaining of a demurrer based on the existence of a procedural defect, i.e., the failure to file the requisite certificates of merit, and not as a result of the plaintiff or the court viewing the case as unmeritorious. In fact, in our prior opinion in this matter, this court noted that a dismissal on the basis of a failure to comply with the certificate of merit requirement does not necessarily indicate that a plaintiff's claims are without merit: "Even where plaintiffs may have meritorious claims, their failure to comply with the certificate of merit requirement prevents them from prosecuting their claims." (*Doe I*, *supra*, 239 Cal.App.4th at p. 87.) Here, there is no indication in the record that the merits of Doe's claims were considered at all, or that the sustaining of the demurrer was the result of a

19

determination that his claims were without merit. The absence of any indication that the termination of this litigation is reflective of the merits of the action precludes a determination that the litigation was favorably concluded with respect to the defendants.

Because the dismissal of this action does not constitute a "favorable conclusion" of the litigation with respect to the defendants, the defendants were not eligible to obtain an award of attorney fees pursuant to subdivision (q) of section 340.1. The trial court therefore erred in awarding the defendants attorney fees under this statutory provision.

IV.

DISPOSITION

The order of the trial court awarding the defendants attorney fees is reversed. Doe is entitled to costs on appeal.

AARON, J.

WE CONCUR:

BENKE, Acting P. J.

DATO, J.

20