Filed 3/29/24  Doe 2826 v. Doe School District CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JOHN DOE 2826,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>DOE SCHOOL DISTRICT,<br><br>Defendant and Respondent. | F086091<br><br>(Super. Ct. No. 22CECG03964)<br><br>**OPINION** |

APPEAL from an order of the Superior Court of Fresno County.  Jonathan M. Skiles, Judge.

Matthew & Associates, Pedro de la Cerda; Esner, Chang, Boyer & Murphy, Holly N. Boyer and Kevin K. Nguyen, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

-ooOoo-

John Doe filed a childhood sexual assault complaint against a school district. Because John Doe was more than 40 years old when he filed the complaint, he was required to, and did, file certificates of merit justifying delay in filing complaint.  (Code Civ. Proc.,[1] § 340.1, subds. (f) & (g); *Doe v. San Diego-Imperial Council* (2017)

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

16 Cal.App.5th 301, 307 ["The purpose of the certificate of merit requirement is to reduce the filing of frivolous claims by imposing a pleading hurdle."].)

The trial court found Doe's certificates deficient and directed him to "correct the deficiencies" within 30 days. After Doe filed for reconsideration, but without filing amended certificates, the trial court dismissed the complaint with prejudice. The court's dismissal was on its own motion and, prior to dismissal, there was neither a hearing nor notice to Doe.

On appeal, Doe raises several claims[2] but we find one dispositive. The trial court abused its discretion by dismissing the complaint with prejudice while affording Doe no notice or opportunity to be heard. Accordingly, we vacate the dismissal order and remand for further proceedings as described in the disposition.

## BACKGROUND

Our background summary is based on the complaint, attendant filings, and procedural history. No facts have been determined.

Doe's childhood-sexual-assault complaint alleges a school district's employee-teacher abused him when Doe was a minor student. Consistent with section 340.1, Doe filed merit certificates to prove to "the court" "there [was] a reasonable and meritorious cause for the filing of the action …." (§ 340.1, subds. (e)-(h).)

---

[2] Principally, Doe marshals Senate Bill No. 558 (2023-2024 Reg. Sess.) (Stats. 2023, ch. 877, § 1) which created section 340.11. Section 340.11 went into effect on January 1, 2024, and it deletes "the requirement that the relevant certificates of merit set forth the facts supporting the relevant declarations" in claims—like the ones in this case—for "sexual assault that occur[s] before January 1, 2024." (Sen. Rules Com., Off. of Sen. Floor Analyses, Unfinished Business on Sen. Bill No. 558 (2023-2024 Reg. Sess.) Sept. 11, 2023, p. 4.) Because we otherwise reverse the trial court's ruling and remand for further proceedings, we need not determine whether Senate Bill No. 558 applies retroactively to nonfinal cases on appeal, nor whether the certificates at issue in this case satisfy newly created section 340.11—the trial court will so decide in the first instance on remand.

The trial court did not, however, find there was a reasonable and meritorious cause for the filing of the action. Instead, the court found the certificates were "deficient" because they simply parroted section 340.1. In other words, there were no facts available for the court to review and decide whether there was indeed a reasonable and meritorious cause. It provided Doe 30 days to "correct the deficiencies."

Within those 30 days, Doe did not correct the deficiencies. Rather, he filed a nonstatutory "application for reconsideration[.]" After those 30 days, the court invoked its "inherent right to strike or dismiss a complaint when it [was] clear that the complaint fail[ed] to state a cause of action," and dismissed the complaint. It did not address the reconsideration request.

Because the court found the statute of limitations had expired, it dismissed the complaint "with prejudice." Aside from the ruling finding the merit certificates deficient, Doe was not informed the court was considering dismissing the complaint, and he was not afforded an opportunity to be heard prior to dismissal.

## DISCUSSION

Doe argues "the trial court abused its discretion in dismissing [the complaint] with prejudice[.]" We agree. (See *Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773 ["A ruling that constitutes an abuse of discretion has been described as one that is 'so irrational or arbitrary that no reasonable person could agree with it.' "].)

In dismissing the complaint with prejudice, the trial court cited its "inherent right to strike or dismiss a complaint when it is clear that the complaint fails to state a cause of action." In other words, it cited no specific statutory authority. (E.g., §§ 436 [court may "in its discretion" strike a "pleading"]; 438, subd. (b)(2) ["court may upon its own motion grant a motion for judgment on the pleadings"]; 583.410 [dismissal for "delay"].)

3.

At the outset, we note section 340.1 "does not provide that failure to file a certificate requires dismissal." (*Price v. Dames & Moore* (2001) 92 Cal.App.4th 355, 360.) Section 340.1 itself clearly did not authorize dismissal on the court's own motion.

Nonetheless, "[i]n the absence of express statutory authority, a trial court may, under certain circumstances, invoke its limited, inherent discretionary power to dismiss claims with prejudice. [Citation.] However, this power has in the past been confined to two types of situations: (1) the plaintiff has failed to prosecute diligently [citation]; or (2) the complaint has been shown to be 'fictitious or sham' such that the plaintiff has no valid cause of action[.]" (*Lyons v. Wickhorst* (1986) 42 Cal.3d 911, 915.) "Neither of those situations is present here." (*Atkinson v. Elk Corp.* (2003) 109 Cal.App.4th 739, 749.)

In our view, the trial court in this case "acted hastily and unreasonably." (*Vaccaro v. Kaiman* (1998) 63 Cal.App.4th 761, 768.) To its credit, it did provide Doe the opportunity to file amended certificates. Doe opted, perhaps unwisely, to instead seek reconsideration. Instead of addressing Doe's request, the court "immediately dismissed the action" without "any prior notice it intended to dismiss." (*Id.* at pp. 768-769.) That was an abuse of discretion because there was no reason to believe the complaint was a sham and Doe's decision to seek reconsideration was not outrageous—it was arguably compliant with the court's order to "correct the deficiencies." (See 6 Witkin, Cal. Procedure (2021) Proceedings Without Trial, § 226, p. 711 [dismissal "made without warning, and without affording an opportunity for argument or amendment, may constitute a serious abuse of discretion and a violation of due process."]; cf. *Stephen Slesinger, Inc. v. Walt Disney Co.* (2007) 155 Cal.App.4th 736, 762 [outrageous conduct justifies dismissal].) [3]

---

[3] Although not raised on appeal, the trial court might also have abused its discretion by dismissing with prejudice because it mistakenly believed the statute of limitations had expired at the time the court dismissed the action. (See *Roe v. Doe 1*

**DISPOSITION**

The February 21, 2023, dismissal order is vacated.  On remand, section 340.11 will govern further proceedings.  Doe's request to judicially notice legislative material is denied.

SNAUFFER, J.

WE CONCUR:

LEVY, Acting P. J.

FRANSON, J.

---

(2023) 98 Cal.App.5th 965.)  The trial court ruled "the statute of limitations expired on January 1, 2023."  We recently held the statute of limitations for childhood sexual assault claims mirroring this case "did not expire until June 27, 2023[.]"  (*Id.* at p. 973.)  Because the dismissal order in this case was issued on February 21, 2023, it "should have been without prejudice."  (*Ibid.*)