Filed 12/20/23; Certified for Publication 1/9/24 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JOHN GM ROE,<br><br>     Plaintiff and Appellant,<br><br>          v.<br><br>DOE 1 et al.,<br><br>     Defendants and Respondents. | F086315<br><br>(Super. Ct. No. 22CECG04204)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Fresno County.  Jonathan M. Skiles, Judge.

Nye, Stirling, Hale, Miller & Sweet and Timothy C. Hale for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

-ooOoo-

Plaintiff John GM Roe[1] filed a childhood sexual assault action against three "Doe" defendants.  He alleged he was raped when he was a child by his Boy Scout leader, who he named as the third Doe defendant.  The trial court dismissed the complaint with prejudice, finding that plaintiff did not timely file certificates of merit complying with

_____

[1] This is a pseudonym.

Code of Civil Procedure, section 340.1, subdivisions (f) and (g),[2] and that by the time he filed compliant certificates, the statute of limitations had run.

On appeal, plaintiff argues that Emergency rule 9, enacted by the Judicial Council of California in response to the COVID-19 pandemic, tolled the statute of limitations governing his claims such that the limitations period had not yet run when the court dismissed his complaint. He thus contends the dismissal should have been without prejudice so he could refile his complaint and certificates of merit before the limitations period expired. We agree with plaintiff and reverse the trial court's order dismissing his claims with prejudice.

LEGAL BACKGROUND AND FACTS

I.      Section 340.1 and Emergency Rule 9

Section 340.1 governs the period within which a plaintiff must bring a tort claim based on childhood sexual assault.[3] Subdivision (a) of section 340.1 specifies that causes of action for childhood sexual assault against direct perpetrators can be brought within 22 years of the plaintiff reaching the age of majority or within five years of the time the plaintiff discovered that psychological injury occurring after the age of majority was caused by the assault, whichever occurs later. (§ 340.1, subd. (a).)

Section 340.1, subdivision (a), provides that these time periods apply to actions brought against a direct perpetrator (subd. (a)(1)), a person owing a duty of care to the plaintiff (subd. (a)(2)), and a person or entity who commits intentional acts that are a legal cause of the assault that resulted in the plaintiff's injury (subd. (a)(3)).

Effective January 1, 2020, Assembly Bill 218 added subdivision (q) to section 340.1. (Stats. 2019, ch. 861 (A.B. 218), § 1.) That subdivision provides:

---

[2] Undesignated statutory references are to the Code of Civil Procedure.

[3] "Childhood sexual assault" is defined as acts proscribed by enumerated Penal Code provisions. (§ 340.1, subd. (d).)

"Notwithstanding any other provision of law, any claim for damages described in paragraphs (1) through (3), inclusive, of subdivision (a) that has not been litigated to finality and that would otherwise be barred as of January 1, 2020, because the applicable statute of limitations, claim presentation deadline, or any other time limit had expired, is revived, and these claims may be commenced within three years of January 1, 2020." (Former § 340.1, subd. (q).)

Section 340.1 also imposes a certificate of merit requirement on some plaintiffs. Every plaintiff age 40 or older when an action for childhood sexual assault is filed must file certificates of merit executed by the attorney for the plaintiff and by a licensed mental health practitioner selected by the plaintiff.[4] (§ 340.1, subds. (f) & (g).) The attorney's certificate must affirm that the attorney has reviewed the case facts, consulted with a mental health practitioner who he or she believes is knowledgeable of the facts and issues of the action, and concluded that there is "reasonable and meritorious cause for the filing of the action." (§ 340.1, subd. (g)(1).) The licensed practitioner's certificates must affirm he or she is licensed in California and not a party to the action, is not treating and has not treated the plaintiff, has interviewed the plaintiff, and has concluded that in his or her professional opinion there is a reasonable basis to believe that the plaintiff had been subject to childhood sexual abuse. (§ 340.1, subd. (g)(2).)

If the attorney is unable to obtain the required consultation before the statute of limitations would run, the certificate may so declare, and must be filed within 60 days after the complaint is filed. (§ 340.1, subd. (g)(3).) The certificates under section 340.1, subd. (g)(1) and (2) must be filed within the applicable limitations period for the action, or the action is subject to dismissal, where those certificates do not contain the declaration under section 340.1, subdivision (g)(3). (§ 340.1, subd. (k) [failure to file compliant certificates is grounds for demurrer or motion to strike].) Thus, the certificates

---

[4] Though plaintiff's complaint does not reveal how old he is, the fact that he obtained certificates of merit means he must be at least 40.

3.

of merit, when required, are an indispensable " 'aspect of the complaint.' " (*Doe v. San Diego-Imperial Council* (2015) 239 Cal.App.4th 81, 87.)

A childhood sexual assault complaint may not be served on the defendant until the court has reviewed the certificates of merit and has found, in camera, based solely on the certificates, that there is a reasonable and meritorious cause for filing the action. (§ 340.1, subd. (i).) The duty to serve the defendant with process does not attach until that time. (*Ibid.*)

Emergency rule 9, effective April 6, 2020, provides: "Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020[.]" (Former Cal. Rules of Court, App. I, rule 9 ("Emergency rule 9") (Former Cal. Rules of Court, Appx. I, rule 9 ("Emergency rule 9"), eff. Jan. 21, 2022 to March 10, 2022.) Emergency rule 9 was amended, effective March 11, 2022, without change to this quoted portion. The Advisory Committee's comment says that Emergency rule 9 "is intended to apply broadly to toll any statute of limitations on the filing of a pleading in court asserting a civil cause of action[.]"

With these background laws provided, we now summarize the relevant facts from the proceedings below.

## II. Facts

Plaintiff prepared his complaint, summons, civil case cover sheet, and the certificates of merit required by section 340.1 for concurrent filing on December 30, 2022. The seven-count complaint against three "Doe" defendants stemmed from the sexual abuse he suffered when he was a Boy Scout. The superior court clerk instructed plaintiff's counsel's paralegal to electronically file only redacted versions of the certificates of merit, and to mail the unredacted copies to the court so they could be given to the judge. Plaintiff electronically filed his complaint on December 30, 2022, including the redacted versions of the certificates of merit as instructed. The redacted versions

were completely redacted; only the caption and signature lines could be read. Because of claimed clerical error by plaintiff's counsel's staff, the unredacted certificates were not delivered to the court until March 22, 2023.

The same day, plaintiff filed a request for the court to conduct its in camera review of the complaint for reasonable and meritorious cause under section 340.1, subd. (i). On March 24, 2023, the superior court issued an "Order Denying Request to Find a Reasonable and Meritorious Cause for Filing an Action Against Does 1, 2, or 3 and Dismissing the Case with Prejudice." The court denied the request because the unredacted certificates of merit were not filed with the complaint, nor filed within 60 days of the complaint.

The court's order noted that plaintiff filed his complaint and redacted certificates of merit on December 30, 2022, but did not file unredacted certificates until March 22, 2023. The order stated:

> "[S]ection 340.1 requires the certificates of merit be filed with the complaint. [Section] 340.1[, subd. ](g)(3) describes the additional information required if there is a valid basis for why the certificates could not be filed with the complaint. If there is a basis for delay, the certificates of merit are required to be filed within sixty (60) days of the filing of the complaint."

The court noted the redacted certificates were "entirely redacted," giving "[n]o information beyond the caption and signature[.]" The court found the unredacted certificates—which were the first certificates filed which complied with section 340.1— were untimely as they were filed 82 days after the complaint was filed. The court also dismissed the suit with prejudice, holding the "statute of limitations has run and [p]laintiff is no longer able to file a complaint with proper certificates."

On April 11, 2023, plaintiff moved on an ex parte basis for reconsideration of the court's order dismissing the complaint. Plaintiff argued that Emergency rule 9 tolled the revival period of section 340.1, subdivision (q), such that plaintiff's claims would not expire until June 27, 2023. Plaintiff reasoned that Emergency rule 9 tolls the statutes of

5.

limitations on civil causes of action from April 6, 2020, to October 1, 2020, or 178 days. He then observed that 178 days after December 31, 2022—the date when section 340.1, subdivision (q)'s three-year revival period would lapse—would be June 27, 2023. Plaintiff asserted that, "at a minimum, th[e] action should [have been] dismissed without prejudice to allow [him] time to refile the instant action before time to do so expires."

The court held a hearing on the motion on April 12, 2023, and entered an order the same day denying the motion.

At the hearing, the court explained its conclusion that Emergency rule 9 did not toll section 340.1, subdivision (q)'s three-year revival period. The court stated:

> "[W]hen it comes to [the] statute of limitations. 340.1(a) lays out that statute of limitations is 22 years from when you turn 18, or there's also a second prong in there. Where we're at, I think, is in (q), which talks about what you can do to revive something that is already barred by [the] statute of limitations."

> [¶] … [¶]

> "It's not setting a new statute. It's giving a window with the date certain of January 1, 2023, within which you can revive something that is already time-barred under the statute of limitations. So I don't think Emergency Rule 9 would extend that, because it's not talking about a separate statute, it's just talking about a way to breathe life back into something that already hit that statute of limitations decades ago."

Plaintiff's counsel at the hearing reasserted that Emergency rule 9 extended the statute of limitations to June 27, 2023. The court responded, "But to do that, I'd have to read 340.1, subdivision (q), as a separate and distinct statute of limitations, correct?" Counsel answered that "the extraordinary nature of what happened with this pandemic is going to permit a situation where that would likely be the outcome[,]" that the statute of limitations would be extended. The court replied, "It will be good news to me to get a court of appeal to give me something firm on that, but […] just a reading of the statute, to me, [section 340.1, subdivision] (q), does not appear to me to be a statute of limitations."

6.

The court said it would "throw a coin in the wishing well" that the Court of Appeal would find grounds for reversal, but felt it was bound to dismiss the case as time-barred.

## APPEALABILITY

Plaintiff appeals from the order entered March 24, 2023, dismissing the case with prejudice. An appeal may be taken from "a judgment." (§ 904.1, subd. (a)(1).) An order of dismissal is an appealable "judgment" if it is (i) in writing, (ii) signed by the court, and (iii) filed in the action. (§ 581d; *City of Los Angeles v. City of Los Angeles Employment Relations Board* (2016) 7 Cal.App.5th 150, 157.) The dismissal order meets these three requirements and is thus appealable.

## DISCUSSION

The dismissal order appealed from proceeds in two steps, so to speak. At the first step, the trial court denied plaintiff's request to find reasonable and meritorious cause because the unredacted certificates of merit were (i) not filed with the complaint and (ii) not filed within 60 days of the complaint. The order implies that this untimeliness required dismissal, though not necessarily with prejudice. Then, at the second step, the court held the complaint must be dismissed with prejudice because the statute of limitations had run. Plaintiff appears to recognize this structure of the order. But he does not develop an argument that the court should not have dismissed the complaint at all. Instead, he argues only that the dismissal should not have been with prejudice. We therefore limit our review to that argument.

To be clear, plaintiff contends the trial court erred in dismissing his complaint with prejudice on grounds that his claims were time-barred. His argument begins, as it did below, by recognizing that section 340.1, subdivision (q), created a three-year lookback window, reviving all civil claims arising from childhood sexual assault that were barred as of January 1, 2020, and allowing such claims to be brought within three years of January 1, 2020. He next contends that Emergency rule 9 tolled this three-year revival period for 178 days—from April 6, 2020, to October 1, 2020—moving the deadline to

7.

file childhood sexual assault claims to June 27, 2023. He asserts that had the court dismissed his case without prejudice, he would have been able to timely refile his complaint and certificates of merit ahead of the June 27, 2023, deadline. He is correct on all points.

The trial court found section 340.1, subdivision (q)'s three-year revival period was not a statute of limitations, and from this we can infer the court's implied finding Emergency rule 9 did not toll that three-year period because Emergency rule 9 tolls "statutes of limitations." But contrary to the court's finding, section 340.1, subdivision (q), is part of a statute of limitations. " 'Statute of limitations' is the collective term applied to acts or parts of acts that prescribe the periods beyond which a plaintiff may not bring cause of action." (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806.) Subdivision (q) is "part of" section 340.1, the statute that governs the period within which a plaintiff must bring a tort claim based on childhood sexual assault. Thus, Emergency rule 9, which tolled statutes of limitations for civil causes of action that exceed 180 days, tolled section 340.1, subdivision (q)'s three-year lookback window for 178 days. Plaintiff's claims thus did not expire until June 27, 2023, and so the dismissal order should have been without prejudice. Had the dismissal been without prejudice, it is virtually certain plaintiff would have timely refiled his complaint and certificates of merit.

**DISPOSITION**

The trial court's March 24, 2023, order is reversed and the matter is remanded to allow plaintiff to refile his complaint and certificates of merit. Plaintiff shall have 95 days after the remittitur issues to file his complaint.

                                                                    SNAUFFER, J.

WE CONCUR:


PEÑA, Acting P. J.


MEEHAN, J.

Filed 1/9/24

<u>**CERTIFIED FOR PUBLICATION**</u>

IN THE

# Court of Appeal of the State of California

IN AND FOR THE

# Fifth Appellate District

| | |
|---|---|
| JOHN GM ROE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>DOE 1 et al.,<br><br>    Defendants and Respondents. | F086315<br><br>(Super. Ct. No. 22CECG04204)<br><br><br>**ORDER GRANTING<br>REQUESTS FOR<br>PUBLICATION** |

As the nonpublished opinion filed on December 20, 2023, in the above entitled matter hereby meets the standards for publication specified in the California Rules of Court, rule 8.1105(c), it is ordered that the opinion be certified for publication in the Official Reports.

SNAUFFER, J.

PEÑA, Acting P. J.

MEEHAN, J.