Filed 11/25/25  Roe 1126 Y.L. v. County of Sacramento CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| JANE ROE 1126 Y.L., | C100322 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2022-00331936-CU-PO-GDS) |
| v. | |
| COUNTY OF SACRAMENTO, | |
| Defendant and Respondent. | |

Plaintiff Jane Roe 1126 Y.L. brought a childhood sexual assault claim against defendant County of Sacramento pursuant to Code of Civil Procedure section 340.1.[1] The trial court sustained the County's demurrer without leave to amend, finding that plaintiff failed to timely file "certificates of merit" as required by section 340.1.

---

[1]  Further undesignated statutory references are to the Code of Civil Procedure.

Plaintiff appeals, contending the court erred because the applicable deadline for filing certificates of merit was extended by an emergency rule enacted by the Judicial Council of California in response to the COVID-19 pandemic. We agree and reverse the judgment with directions.

**LEGAL BACKGROUND, FACTS, AND PROCEEDINGS**

*Section 340.1*

"[S]ection 340.1 sets forth the limitations period for actions to recover damages for childhood sexual abuse." (*Doe v. San Diego-Imperial Council* (2015) 239 Cal.App.4th 81, 84.) Section 340.1, former subdivision (a) provided that causes of action for childhood sexual assault can be brought "within 22 years of the date the plaintiff attains the age of majority or within five years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual assault, whichever period expires later." (Former § 340.1, subd. (a), as amended by Stats. 2019, ch. 861, § 1, and repealed by Stats. 2022, ch. 444, § 1.) Subdivision (a)(1) through (3) of section 340.1 authorizes causes of action against direct perpetrators, anyone who owed a duty of care to the plaintiff, and any person or entity whose intentional act was a legal cause of the childhood sexual assault that resulted in the plaintiff's injury.

In 2019, the Legislature passed Assembly Bill No. 218 (2019-2020 Reg. Sess.) (Assembly Bill No. 218), which revised section 340.1. (Stats. 2019, ch. 861, § 1.) Effective January 1, 2020, former section 340.1, subdivision (q) provided: "Notwithstanding any other provision of law, any claim for damages described in paragraphs (1) through (3), inclusive, of subdivision (a) that has not been litigated to finality and that would otherwise be barred as of January 1, 2020, because the applicable statute of limitations, claim presentation deadline, or any other time limit had expired, is revived, and these claims may be commenced within three years of January 1, 2020. A

2

plaintiff shall have the later of the three-year time period under this subdivision or the time period under subdivision (a) as amended by the act that added this subdivision."

Former section 340.1 required plaintiffs aged 40 or older to file certificates of merit, which consisted of declarations executed by the plaintiff's attorney and a licensed mental health practitioner that attested to a reasonable basis for filing the action. (Former § 340.1, subds. (f), (g).) If the attorney was unable to obtain a consultation with a mental health provider before the expiration of the statute of limitations, the attorney could file a certificate so declaring; in that circumstance, the certificates of merit were required to be filed within 60 days after the filing of the complaint. (Former § 340.1, subd. (g)(3).)

"The failure to file certificates in accordance with [section 340.1] shall be grounds for a demurrer pursuant to Section 430.10." (§ 340.1, former subd. (k); see *Jackson v. Doe* (2011) 192 Cal.App.4th 742, 752 [demurrer may be sustained without leave to amend where the plaintiff fails to file the certificates of merit before the statute of limitations expires or within 60 days of filing the complaint].) "Thus, the certificates of merit, when required, are an indispensable ' "aspect of the complaint." ' " (*Roe v. Doe 1* (2023) 98 Cal.App.5th 965, 969.)

Finally, former section 340.1, subdivision (i) provided that a childhood sexual assault complaint could not be served on the defendant "until the court has reviewed the certificates of merit filed pursuant to subdivision (g) with respect to that defendant, and has found, in camera, based solely on those certificates, that there is reasonable and meritorious cause for filing the action against that defendant." (Former § 340.1, subd. (i).) The duty to serve the defendant with process does not attach until that time. (*Ibid.*)

*Emergency Rule 9*

Initially adopted effective April 6, 2020, Emergency rule 9, subdivision (a) provided: "Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020." (Former Cal. Rules of Court, Appex. I, rule 9 (Emergency rule 9), eff. Jan. 21,

3

2022 to March 10, 2022.)  The Advisory Committee commented:  "Emergency rule 9 is intended to apply broadly to toll any statute of limitations on the filing of a pleading in court asserting a civil cause of action."  (Emergency rule 9.)

Effective March 11, 2022, Emergency rule 9 was amended without change to subdivision (a), but with the addition of subdivision (c), which provided:  "This rule will sunset on June 30, 2022, unless otherwise amended or repealed by the Judicial Council.  This sunset does not nullify the effect of the tolling of the statutes of limitation and repose under the rule."  (Emergency rule 9, subd. (c).)  The Advisory Committee commented:  "The sunset of the rule does not nullify the effect of the tolling of the statutes of limitation and repose established by the rule.  Depending on the specific facts of the case and the applicable statute of limitation or repose, the effect of the tolling may survive beyond the sunset date of the rule.  For example, if the right to file a cause of action subject to the four-year statute of limitation in Code of Civil Procedure section 337 first accrued on February 15, 2020, the statute of limitation, having been tolled from April 6, 2020, until October 1, 2020, under subdivision (a), would expire in August 2024 rather than February 2024."  (Emergency rule 9.)

*Plaintiff's Complaint and Certificates of Merit*

On December 27, 2022, 48-year-old plaintiff filed a complaint against the County, alleging four causes of action related to claims of sexual assault that were alleged to have occurred while she was detained at the County's youth detention facility between 1987 and 1990.  On February 9, 2023, plaintiff served the County with the complaint, and on February 15 she filed proof of service of summons.

On March 3, counsel for the County inspected the trial court's online docket and discovered that plaintiff had not filed certificates of merit.  The parties met and conferred, during which plaintiff's counsel acknowledged that he had not filed the certificates.  Counsel did not indicate that plaintiff had met with a mental health practitioner (as required for filing), or suggest that he intended to file certificates of merit.

4

On April 5, plaintiff filed a first amended complaint (FAC), which removed a claim for punitive damages she included in her initial complaint.

On April 7, plaintiff lodged her certificates of merit under seal. On April 17, she applied for in camera review and approval of the certificates, arguing in part that Emergency rule 9 tolled the statute of limitations set forth in section 340.1 by 180 days. In the alternative, plaintiff argued relief was warranted under section 473, which authorized the court to relieve a party from judgment or dismissal taken against a party through mistake, inadvertence, surprise, or excusable neglect.

*County's Demurrer*

On May 2, 2023, the County demurred to the FAC based on plaintiff's failure to timely file certificates of merit, and her counsel's failure to file a certificate declaring the reason for failing to file certificates of merit. (§ 340.1, former subds. (f)-(g), (k).) The County argued that Emergency rule 9 did not extend the revival period for actions filed under section 340.1, subdivision (q), observing that Emergency rule 9 ended on June 30, 2022, and no court had held that Emergency rule 9 extended by 180 days subdivision (q)'s revival period. The demurrer further argued that plaintiff's request for relief under section 473 did not cure her failure to file certificates of merit.

On May 8, the trial court ordered the certificates of merit to be filed under seal and granted plaintiff permission to serve the County, although it "decline[d] to reach the issue of whether the referenced certificates of merit were timely lodged as it may be the subject of a future demurrer and/or motion to strike."

On July 7, plaintiff filed her opposition to the County's demurrer, again arguing that her certificates of merit were timely filed because Emergency rule 9 tolled the limitations period governing the action, and in the alternative that dismissal was unwarranted in light of her request for relief under section 473. The County timely filed its reply to plaintiff's opposition.

*Trial Court Order Sustaining the County's Demurrer*

On August 29, 2023, following a hearing, the trial court issued a minute order affirming its tentative ruling sustaining the County's demurrer without leave to amend. The court rejected plaintiff's argument that Emergency rule 9 had extended the applicable statute of limitations, reasoning that former section 340.1, subdivision (q)'s three-year "revival period" was not akin to a statute of limitations prescribing a period of limitation for commencing an action after the action accrues. Accordingly, the court dismissed the action on the basis that plaintiff's revival period expired on January 1, 2023, and she had failed to timely comply with the provisions of former section 340.1, subdivision (g). Additionally, the court denied leave to amend on the basis that plaintiff failed to establish that the defect could be cured via amendment.[2]

*Plaintiff's Motion for Relief Under Section 473*

On October 18, 2023, plaintiff moved for relief under section 473, subdivision (b), arguing relief was appropriate because the grounds of dismissal of her claims were due to counsel's "mistake, inadvertence, or neglect." She asserted that she was interviewed by a mental health practitioner on February 8, 2023, but counsel did not sign his certificate of merit or lodge the two certificates until April 7 due to his failure to determine whether plaintiff was over 40 years old. The County opposed plaintiff's motion, and plaintiff timely filed her reply to the County's opposition.

On November 16, 2023, following a hearing, the trial court issued a minute order that affirmed its tentative ruling denying plaintiff's motion. The court reasoned that its order sustaining the County's demurrer without leave to amend "is not the functional equivalent of a dismissal to which section 473[, subdivision] (b) applies." On December

---

[2] The court declined to rule on plaintiff's request for relief pursuant to section 473, noting, "this issue is more appropriately addressed by a separately-noticed motion."

6

15, the court entered a judgment of dismissal, and on January 8, 2024, the County filed notice of entry of judgment.

Plaintiff timely filed notice of appeal.  The case was fully briefed in July 2025 and assigned to the current panel the following month.

**DISCUSSION**

Plaintiff contends the trial court erred in sustaining the County's demurrer; she argues Emergency rule 9 extended the three-year revival period for childhood sexual abuse claims arising out of section 340.1.  As we will explain, we agree.

I

*Standard of Review*

"A demurrer tests the sufficiency of the complaint as a matter of law; as such, it raises only a question of law." (*Osornio v. Weingarten* (2004) 124 Cal.App.4th 304, 316.)  Thus, the standard of review on appeal is de novo. (*Ibid*.)

A general demurrer is appropriate where the complaint "does not state facts sufficient to constitute a cause of action." (Code Civ. Proc., § 430.10, subd. (e).)  "In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules.  'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.  [Citation.]  We also consider matters which may be judicially noticed.'  [Citation.]  Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.  [Citation.]  When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action.  [Citation.]  And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment:  if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.  [Citations.]  The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

"To satisfy that burden on appeal, a plaintiff 'must show in what manner he can amend [her] complaint and how that amendment will change the legal effect of [her] pleading.' [Citation.] The assertion of an abstract right to amend does not satisfy this burden. [Citation.] The plaintiff must clearly and specifically set forth the 'applicable substantive law' [citation] and the legal basis for amendment, i.e., the elements of the cause of action and authority for it. Further, plaintiff must set forth factual allegations that sufficiently state all required elements of that cause of action. [Citations.] Allegations must be factual and specific, not vague or conclusionary." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43-44.)

II

*Analysis*

The issue on appeal is whether Emergency rule 9 acted to extend the revival period set forth in former section 340.1, subdivision (q) until June 27, 2023. We conclude it did.

There is currently one appellate decision directly on point. After the relevant events in this case, the Fifth Appellate District issued *Roe v. Doe 1*, *supra*, 98 Cal.App.5th 965, in which the plaintiff filed a childhood sexual assault action against three "Doe" defendants that were not named before the appeal. (*Id.* at p. 968.) The trial court clerk instructed the plaintiff's counsel to electronically file only redacted versions of the certificates of merit and mail the unredacted copies to the court for judicial review. (*Id.* at p. 970.) The plaintiff filed his complaint and redacted certificates of merit on December 30, 2022. (*Ibid.*) Due to a claimed clerical error, the unredacted version was not mailed to the court until March 22, 2023. (*Ibid.*) That same day, plaintiff filed a request for the court to conduct its in camera review of the complaint and certificates of merit. (*Ibid.*) Two days later, the trial court issued an order denying the plaintiff's request because the unredacted certificates were neither filed with the complaint nor filed within 60 days after filing the complaint. (*Ibid.*) The court also dismissed the complaint

with prejudice, holding the "statute of limitations has run and [the] [p]laintiff is no longer able to file a complaint with proper certificates." (*Id.* at p. 971.)

On appeal, the plaintiff in *Roe v. Doe 1* contended dismissal should not have been with prejudice, arguing that Emergency rule 9 tolled the three-year revival period provided for by former section 340.1, subdivision (q) for 178 days, thereby extending the deadline for filing childhood sexual assault claims to June 27, 2023. (*Roe v. Doe 1*, *supra*, 98 Cal.App.5th at pp. 972-973.) The reviewing court agreed, concluding: "[S]ection 340.1, subdivision (q), is part of a statute of limitations. ' "Statute of limitations" is the collective term applied to acts or parts of acts that prescribe the periods beyond which a plaintiff may not bring cause of action.' (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806.) Subdivision (q) is 'part of' section 340.1, the statute that governs the period within which a plaintiff must bring a tort claim based on childhood sexual assault. Thus, Emergency rule 9, which tolled statutes of limitations for civil causes of action that exceed 180 days, tolled section 340.1, subdivision (q)'s three-year lookback window for 178 days. Plaintiff's claims thus did not expire until June 27, 2023, and so the dismissal order should have been without prejudice. Had the dismissal been without prejudice, it is virtually certain plaintiff would have timely refiled his complaint and certificates of merit." (*Roe v. Doe 1,* at p. 973.)

We are unpersuaded by the County's attempts to distinguish *Roe v. Doe 1*. Initially, the County observes that *Roe v. Doe 1* is not binding on us. But while we agree that decisions of our sister courts are not binding on us (*Winns v. Postmates, Inc.* (2021) 66 Cal.App.5th 803), " 'we ordinarily follow the decisions of other districts without good reason to disagree' " (*Wolfe v. Dublin Unified School Dist.* (1997) 56 Cal.App.4th 126, 137; see *Look v. Penovatz* (2019) 34 Cal.App.5th 61, 72 [" 'We respect stare decisis, . . . which serves the important goals of stability in the law and predictability of decision. Thus, we ordinarily follow the decisions of other districts without good reason to

disagree' "]; *People v. The North River Ins. Co.* (2019) 41 Cal.App.5th 443, 454-455 [same].)

Next, the County argues that *Roe v. Doe 1* is factually distinguishable on the basis that redacted certificates of merit in that case were, in fact, timely filed with the court. (See *Roe v. Doe 1*, *supra*, 98 Cal.App.5th at pp. 970-971.)  But that fact does not meaningfully distinguish *Roe v. Doe 1* from this case.  The court in *Roe v. Doe 1* concluded that the three-year revival period "is part of a statute of limitations," and therefore Emergency rule 9 extended the revival period set forth in former section 340.1, subdivision (q) for 178 days.  (*Roe v. Doe 1*, at p. 973.)  The court's holding did not turn on whether the plaintiff had timely filed redacted versions of the certificates of merit, and that case is not distinguishable on that basis.

Turning to the substance of the court's decision, the County argues that *Roe v. Doe 1* was wrongly decided because it failed to appreciate the difference between a "revival period" and a "statute of limitations," asserting that a revival period is merely a period during which a party could bring a claim for which the statute of limitations had already run.  We disagree.  As the court in *Roe v. Doe 1* observed, our Supreme Court has defined "statute of limitations" as " 'the collective term applied to acts or parts of acts that prescribe the periods beyond which a plaintiff may not bring cause of action.' "  (*Roe v. Doe 1*, *supra*, 98 Cal.App.5th at p. 973, quoting *Fox v. Ethicon End-Surgery, Inc.*, *supra*, 35 Cal.4th at p. 806.)  More specifically, our high court has recognized:  "Once a claim has lapsed (under the formerly applicable statute of limitations), revival of the claim is seen as a retroactive application of the law under an enlarged statute of limitations."  (*Quarry v. Doe I* (2012) 53 Cal.4th 945, 957.)  The plain language of former section 340.1, subdivision (q) supports the interpretation of that subdivision as establishing an enlarged statute of limitations.  Subdivision (q) provided that it applied to claims that "would *otherwise* be barred as of January 1, 2020" (italics added), suggesting that the claims revived under the subdivision are *not* time-barred, but rather are subject to an

enlarged statute of limitations.  Subdivision (q) subsequently indicates that both it and subdivision (a) provide limitations periods:  "A plaintiff shall have the later of the three-year time period under this subdivision *or* the time period under subdivision (a) . . . ."  (Italics added.)  The County fails to persuade that "revival periods" do not fall within our Supreme Court's definition of "statute of limitations."

The County next turns to the legislative history of Assembly Bill No. 218.  It points to a Senate Rules Committee report stating:  " '[T]he systematic incidence of childhood sexual assault . . . and the cover-ups that accompanied them arguably make both a revival period and an extended statute of limitations warranted.' "  (*K.M. v. Grossmont Union High School Dist.* (2022) 84 Cal.App.5th 717, 742, quoting Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 218 (2019-2020 Reg. Sess.) as amended Aug. 30, 2019, p. 5.)  The County asserts that the Legislature could have provided for (but did not) an extended statute of limitations if it had intended to do so.  In the absence of any ambiguity in the statutory language, we need not and do not consider the statute's legislative history.  (See *Doe 3, Family Services Organization v. Superior Court* (2025) 110 Cal.App.5th 571, 582 [courts look to legislative history if the language of the statute is ambiguous].)  Moreover, as we have just explained, the Legislature *did* enlarge the statute of limitations, as the term "revival period" has been construed by our Supreme Court.  (*Quarry v. Doe I*, *supra*, 53 Cal.4th at p. 957.)  The distinction the County draws by the Senate Rules Committee report, which suggested that the Legislature could have enacted some other form of an extended statute of limitations, does not refute our conclusion that the revival period enacted by the Legislature was a statute of limitations as that term has been defined by our Supreme Court.

The County then argues that Emergency rule 9 did not apply to certificates of merit required to be filed by section 340.1 because the purpose of Emergency rule 9 was to "relieve 'difficulty timely filing initial pleadings in the trial court' " (*People v.*

11

*Financial Casualty & Surety, Inc.* (2021) 73 Cal.App.5th 33, 40), which it argues does not apply to certificates of merit. We disagree. Emergency rule 9 was intended to "apply broadly to toll any statute of limitations on the filing of a pleading in court asserting a civil cause of action." Former subdivision (g)(3) of section 340.1 provided that if certificates of merit could not be obtained before the statute of limitations ran, the attorney was required to file a certificate so declaring, and the certificates were required to be filed within 60 days of the filing of the complaint. The failure to file certificates was grounds for a demurrer. (§ 340.1, former subd. (k).) As such, "the certificates of merit, when required, are an indispensable ' "aspect of the complaint." ' " (*Roe v. Doe 1*, *supra*, 98 Cal.App.5th at p. 969.) Accordingly, we cannot say that the certificates of merit are not the kind of "initial pleading" to which Emergency rule 9 was intended to apply.

Relatedly, the County observes that Emergency rule 9 ended on June 30, 2022--well before the conclusion of the revival period--and argues that plaintiff had months to bring her revival claim before the end of the revival period. But Emergency rule 9, subdivision (c) expressly provided that the sunset of the rule "does not nullify the effect of the tolling of the statutes of limitation and repose under the rule." The fact that plaintiff had several months to bring her complaint after the sunset of the rule is irrelevant to the issue before us.

Finally, we reject the County's argument that allowing plaintiff to proceed with her certificates of merit would frustrate the purpose of the certificate of merit requirement. Contrary to the County's argument, our conclusion neither "absolves plaintiffs over the age of 40 from timely filing their certificates of merit" nor "excuse[s] plaintiff[] 'from the certificates of merit requirement.' " Rather, as we have concluded, plaintiff's certificates of merit were timely filed within the applicable statute of limitations period because that period had been extended by Emergency rule 9.

Because we conclude Emergency rule 9 tolled section 340.1, subdivision (q)'s three-year revival period for 178 days, plaintiff's claims were not time barred until June 27, 2023, and therefore her certificates of merit were timely filed. We reverse the judgment of dismissal that resulted from the trial court's order sustaining the demurrer and remand with directions to vacate that order and enter a new order overruling the demurrer. (See *Center for Biological Diversity v. County of San Benito* (2024) 104 Cal.App.5th 22, 43.) On remand, the trial court shall consider plaintiff's application for in camera review and approval of her certificates of merit (see former section 340.1, subd. (i)), which were timely filed.

**DISPOSITION**

The judgment of dismissal is reversed, and the matter is remanded to the superior court with directions to vacate its order sustaining the demurrer to the claims at issue and to enter a new order overruling the demurrer, and conduct further proceedings as described by this opinion. Plaintiff shall recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a).)


/s/
Duarte, J.


We concur:


/s/
Earl, P. J.


/s/
Mauro, J.

13